IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 1:15-CV-00768 |
| v. | ) ) | COMPLAINT |
| DeHAVEN'S TRANSFER & STORAGE, INC. | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy), and to provide appropriate relief to Heather L. Centeno ("Centeno") who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff, the U. S. Equal Employment Opportunity Commission alleges that Defendant, DeHaven's Transfer & Storage, Inc. ("Defendant") discharged Centeno based on her sex, female (pregnancy).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§

1

2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been a North Carolina Corporation doing business in the State of North Carolina and the City of Durham, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Centeno filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On July 18, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On September 1, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. On or about June 13, 2014, Defendant engaged in unlawful employment practices at its Durham, North Carolina facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000(e)-2(a)(1), when it discharged Centeno because of her sex (pregnancy), as more fully set forth below.

13. Defendant operates a moving company and provides moving services to residential and commercial customers, including packing of customers' belongings. Packers work in crews of two to five persons. Defendant makes packing assignments

through a crew leader who drives the crew in a company vehicle from Defendant's facility to each job site. Defendant provides all of the packing materials and tools used to perform the job. Separate crews load and transport customers' belongings after they are packed.

14. In or around October 2013, Defendant hired Centeno as a packer at its facility in Durham, North Carolina.

15. At all times relevant, Centeno performed her job duties at a level that met Defendant's legitimate expectations. Centeno never received any warnings or disciplinary actions from Defendant regarding her work performance.

16. Throughout her employment, Centeno worked with Defendant almost every week. Defendant required Centeno to clock in and out each day. Each day Centeno worked, Defendant instructed Centeno on where and when she was to perform her work, required Centeno to travel to the work site via Defendant's vehicle, and required Centeno to use packing tools and materials supplied by Defendant. Defendant paid Centeno by the hour per hour worked. Upon information and belief, Defendant maintained workers' compensation insurance and property damage insurance for Centeno.

17. While employed by Defendant, Centeno did not operate her own independent moving business and did not employ assistants.

18. Centeno found out that she was pregnant in early 2014. In or around April 2014, Centeno's Crew Leader, who is also Centeno's mother, told Defendant's Business Manager that Centeno was pregnant.

19. In or around May 2014, Defendant's Business Manager told Centeno that pregnant women should not be doing the packer job and that the packing job was not safe. Centeno responded that her doctor said that it was safe for Centeno to work as a packer. Defendant's Owner was present during this conversation.

20. Again on or about June 13, 2014, Defendant's Business Manager expressed concern to Centeno that Centeno should not work while pregnant. That same day, on or about June 13, 2014, Defendant's Owner told Centeno's Crew Leader that the Crew Leader should not bring Centeno to work any longer because of Centeno's size, and stated that Centeno looked terrible. After discussion between the Crew Leader and Defendant's Owner, including the Crew Leader referencing Centeno's pregnancy as an illegal reason for her discharge, Centeno was nonetheless discharged.

21. Defendant terminated Centeno's employment on June 13, 2014 because of her sex, female (pregnancy). The effect of the practices complained of above has been to deprive Centeno of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female (pregnancy).

22. The unlawful employment practices complained of above were intentional. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Centeno.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices that discriminate on the basis of sex, including pregnancy.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Centeno, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Centeno or front pay in lieu thereof, and lost and/or reduced employee benefits.

D. Order Defendant to make whole Centeno by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.  Order Defendant to make whole Centeno by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights in amounts to be determined at trial.

F.  Order Defendant to pay Centeno punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

This 21st day of September, 2015.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M. Street, NE
Fourth Floor, Suite 4NWO2F
Washington, D.C. 20507

/s/ Lynette A. Barnes_____
LYNETTE A. BARNES (NC Bar # 19732)
Regional Attorney

YLDA MARISOL KOPKA
Supervisory Trial Attorney

/s/ Yolanda W. Brock_____
Yolanda W. Brock (NC Bar # 36651)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (704) 954-6463
Facsimile: (704) 954-6412
E-mail: yolanda.brock@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**