UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
1:15-CV-768

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DEHAVEN'S TRANSFER & STORAGE, INC.<br><br>Defendant. | CONSENT DECREE |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  The Commission's complaint alleged that the Defendant, DeHaven's Transfer & Storage, Inc. (the "Defendant"), discharged Heather Centeno because of her sex, female (pregnancy).  Defendant denies this allegation.  Likewise, the EEOC does not disavow the allegations contained in the Complaint.

The Commission, and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any female by terminating her employment because of her pregnancy.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Heather Centeno the total sum of THIRTY-FIVE THOUSAND DOLLARS 00/100 ($35,000.00) in settlement of the claims raised in this action. All payments shall be issued by check payable to "Heather Centeno," and mailed to Heather Centeno at an address provided by the Commission. Defendant shall make an initial payment of TWENTY-FIVE THOUSAND DOLLARS 00/100 ($25,000.00) to Heather Centeno within twenty (20) days after the Court approves this Consent Decree.

A second payment in the amount of FIVE THOUSAND DOLLARS 00/100 ($5,000.00) shall be issued by Defendant to Heather Centeno within fifty (50) days after the Court approves this Consent Decree. A final payment in the amount of FIVE THOUSAND DOLLARS 00/100 ($5,000.00) shall be issued by Defendant to Heather Centeno within eighty (80) days after the Court approves this Consent Decree. Within ten (10) days after each payment has been sent, Defendant shall send to the Commission, a copy of the check and proof of its delivery to Heather Centeno. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Heather Centeno may or may not incur on such payments under local, state and/or federal law.

4. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Heather Centeno any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 433-2014-02119 and the related events that occurred thereafter, including this litigation. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall change all references in its personnel records for Heather Centeno from "terminated" to "voluntarily resigned" (use language that corresponds with how Defendant identifies other voluntary resignations, e.g., "resigned," "voluntarily quit," etc.). Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the

Commission.

5. Defendant shall provide Heather Centeno with a neutral letter of reference using the form attached hereto as Exhibit A. Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Heather Centeno at an address provided by the Commission. Heather Centeno is free to disseminate the letter to potential employers. Defendant agrees that if it receives any inquiry about Heather Centeno from a potential employer, it will provide only the information set forth in the letter of reference in response.

6 Within ninety (90) days of the entry of this Consent Decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy in all of its facilities, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against discrimination based on pregnancy, procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Defendant shall distribute to each current employee a copy of the policy within the aforementioned ninety (90) day time period. Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

7. During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 6, *supra*, in all of their facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within ninety-five (95) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission within one hundred (100) days that it has been posted.

8. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its owner(s), managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, specifically, its requirement that employers not terminate, discipline, or otherwise make adverse personnel actions against an employee based on her pregnancy, and its prohibition against retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred and twenty (120) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov.

Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree, in a place where it is visible to employees at its facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

    A. the identities of all applicants or employees who have notified Defendant of their pregnancy or of whose pregnancy you otherwise became aware, including by way of identification each person's name, address, telephone number, position, and social security number;

B. for each applicant identified in 10.A above, a detailed statement explaining why the applicant was not selected.

C. for each individual identified in 10.A. above, explain whether the individual's employment status has changed in any respect since the time Defendant became aware of her pregnancy (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

D. for each individual whose employment status has changed as identified in 10.B. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents.

12. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Consent Decree shall be for five (5) years from its entry by the Court.

14. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Rebecca Axford, raxford@dehavens.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide contact information for a new designated point of contact within ten (10) days of the change.

15. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

16. Each party shall bear its own costs and attorney's fees.

17. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

This the 28th day of January, 2016.

_____
UNITED STATES DISTRICT JUDGE

The parties jointly request that the Court approve and enter the Consent Decree:

**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff**

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


**/s/ Lynette A. Barnes_____**
LYNETTE A. BARNES
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, N.C. 28202

YLDA MARISOL KOPKA
Supervisory Trial Attorney


**/s/ Yolanda W. Brock_____**
YOLANDA W. BROCK (N.C. Bar No. 36651)
Trial Attorney
Email:  yolanda.brock@eeoc.gov
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, N.C. 28202
Telephone:  (704) 954-6463 (direct dial)
Facsimile:  (704) 954-6412

**ATTORNEYS FOR PLAINTIFF**

**DEHAVEN'S TRANSFER & STORAGE, INC.**, Defendant

**/s/ Thomas M. Buckley**
Thomas M. Buckley (NC Bar #26076)
Hedrick Gardner Kincheloe & Garofalo LLP
4131 Parklake Avenue, Ste. 300
Raleigh, North Carolina 27612
Telephone: (919) 719-3721
Facsimile: (919) 832-9425
tbuckley@hedrickgardner.com

**/s/ Maureen M. Zyglis**
Maureen McDonald Zyglis (NC Bar #40753)
Hedrick Gardner Kincheloe & Garofalo LLP
4131 Parklake Avenue, Ste. 300
Raleigh, North Carolina 27612
Telephone: (919) 719-3717
Facsimile: (919) 832-9425
mzyglis@hedrickgardner.com

**ATTORNEYS FOR DEFENDANT**

[Defendant's letterhead]

[Date]

To Whom it May Concern:

Heather Centeno was employed by De Haven's Transfer & Storage, Inc. between October 1, 2013 and June 2014. During her tenure with us, Ms. Centeno held the position of Packer. Her salary was $10.00 per hour.

We hope that this information about Ms. Centeno is helpful to you in considering her for employment.

Sincerely,


Robert M. Long
President, De Haven's Transfer & Storage, Inc.

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:15-CV-00768-CCE-JEP |
| | ) | |
| DEHAVEN'S TRANSFER & STORAGE, INC. | ) | EMPLOYEE NOTICE |
| Defendant. | ) | |
| | ) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Defendant DeHaven's Transfer & Storage, Inc. ("Defendant") in a case alleging pregnancy discrimination. Specifically, the EEOC alleged Defendant discriminated against Heather Centeno by terminating her because she was pregnant. As part of the settlement, Defendant agreed to pay monetary damages to Heather Centeno and to take other actions set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Defendant will comply with such federal laws in all respects. Furthermore, Defendant will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, NE
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least five (5) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL:
_____, 2021. **EXHIBIT B**